**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTER DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **GLOBAL BROTHER SRL, a Romanian Societate cu Raspundere Limitata,** | § | |
| | § | |
| **Plaintiff,** | § | **Case No.: 25-532** |
| | § | |
| **v.** | § | |
| | § | |
| **Unoma OKORAFOR an individual and PAPAYA ORGANICS LLC, a Texas Limited Liability Company,** | § | |
| | § | |
| **Defendants.** | § | |

**GLOBAL BROTHER SRL COMPLAINT**

Global Brother SRL ("Plaintiff"), by and through its undersigned counsel, files this Complaint against, Defendants, Unoma OKORAFOR and PAPAYA ORGANICS LLC, and in support thereof states the following.

## NATURE OF THE ACTION

This is a civil action for claims arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. and for associated intellectual property and business violations under federal and Texas law. This action is to address, inter alia, the unauthorized reproduction, distribution, advertising, use, and display of Plaintiff's protected works on-line, and subject to the Digital Millenium Copyright Act (DMCA).

1. Plaintiff is a worldwide publisher of popular books directed to health and wellness. It has invested substantial resources in creating, distributing, advertising and protecting its books, contents, and images thereof – as according to the protections granted by U.S. copyright, trade dress, trademark, and related intellectual property rights (the "Plaintiff's Works").

2. Defendants, without authorization or license, engaged in the unauthorized reproduction, distribution, advertising, use, and display of Plaintiff's Works, including at https://www.herbalgoodnessco.com/, to misrepresent source, misrepresent rights, mislead and divert consumers in this District, causing confusion, financial and reputational harm to Plaintiff and Plaintiff's Works.

3. Through this action, Plaintiff seeks to protect its exclusive rights and prevent harm to continue to be caused by Defendants. Plaintiff seeks injunctive relief, statutory damages, actual damages, attorneys' fees, and other relief as just and proper.

**JURISDICTION AND VENUE**

4. This Court possesses subject matter jurisdiction over the action under 28 U.S.C. § 1331, as the claims arise under the Constitution, laws, or treaties of the United States, including but not limited to the Copyright Act (17 U.S.C. § 101 et seq.) and the Lanham Act (15 U.S.C. § 1051 et seq.).

5. This Court further has exclusive jurisdiction over the claims arising under federal copyright and trademark law under 28 U.S.C. § 1338(a), which grants original jurisdiction to federal district courts for all civil actions arising under any Act of Congress relating to copyrights, trademarks, or unfair competition.

6. This Court also has jurisdiction under 15 U.S.C. § 1121, which provides that the district and territorial courts of the United States shall have original jurisdiction over all actions arising under the Lanham Act.

7. This Court additionally has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) as Defendants direct unlawful activities toward this District, including conducting business, advertising, selling, and/or distributing infringing products within this District.

9. Defendants are subject to this Court's jurisdiction because, pursuant to the Digital Millennium Copyright Act (DMCA) Counter-Notice, and public records, Defendants are located in this District, expressly consent to jurisdiction in this District, and avail themselves to this court otherwise.

## PARTIES

10. Plaintiff, Global Brother SRL, is a Romanian Societate cu Raspundere Limitata (SRL) organized and existing under the laws of Romania, with principal place of business located at Ghiozdanului 22A Lighthouse Residence, Bucharest, Romania (the "Plaintiff"). The Plaintiff is engaged in the business of creating, publishing, selling, distributing, and advertising books in the United States and internationally. Plaintiff owns and holds all rights, title, and interest in and to the intellectual property associated with its books, including "THE LOST BOOK OF HERBAL REMEDIES" (see, e.g., Exhibit A, Plaintiff registered U.S. Copyright abstracts and image of book, cover). Rights associated with the foregoing include trade dress and common law trademark rights.

11. Defendant, Unoma OKORAFOR, is located in this District, and conducts business as himself and "Herbal Goodness" with an address at 2150 S. Central Expressway, Ste 200, McKinney, TX 75070 and at 320 HONEY CREEK LN, FAIRVIEW, TX 75069-1291. He is in the business of retailing various goods including books, which he causes to be sold, advertised and delivered in U.S. commerce, including to residents of this State. He controls and owns the website https://www.herbalgoodnessco.com/, which website advertised the name "Herbal Goodness" and displayed offending content complained of herein at on in associating with the following links,

https://shop.app/products/8287754584231?variantId=45801912828071 and https://www.herbalgoodnessco.com/en-ca/products/herbal-books-remedies-and-wellness-guides?utm_medium=website&utm_source=shop-website (the "Offending Website"). Defendant, Unoma OKORAFOR is the party that filed the DMCA Counter-Notice, which caused the instant action to be filed (Exhibit B, consisting of the Offending Website screenshot, Counter-Notice and Counter-Notice email).

12. Defendant, PAPAYA ORGANICS LLC is a limited liability company registered to do business and doing business in this State, including under the assumed name "Herbal Goodness" at the address 320 HONEY CREEK LN, FAIRVIEW, TX 75069-1291. Defendant, PAPAYA ORGANICS LLC is owned and controlled exclusively by Defendant, Unoma OKORAFOR. The Defendant, PAPAYA ORGANICS LLC is in the business of retailing various goods including books, which it causes to be sold, advertised and delivered in U.S. commerce, including to residents of this State via the Offending Website, which website it controls and owns all or part of. Defendant, PAPAYA ORGANICS LLC is an alter-ego of Defendant, Unoma OKORAFOR, and are plead and referenced herein collectively, individually and severally as "Defendants".

## FACTUAL BACKGROUND

13. Plaintiff is the exclusive owner of all rights, title, and interest in and to "THE LOST BOOK OF HERBAL REMEDIES" based on, but not limited to its

registered copyrights, common law trademark rights and distinctive trade dress on and in association with books, related images, texts and designs:

- TRADEMARK: Plaintiff has acquired common law trademark rights in the title and cover for its book "THE LOST BOOK OF HERBAL REMEDIES" through continuous and extensive use in commerce, resulting in strong consumer recognition. It is currently the #1 best seller on Amazon in in Health, Mind & Body Reference: https://www.amazon.com/Lost-Book-Remedies-Claude-Davis/dp/1732557101 :




- TRADE DRESS: Plaintiff's trade dress includes the distinctive design comprising its title, layout, font style, color scheme, and associated imagery. Its trade dress is inherently distinctive and has acquired secondary meaning in the marketplace, signifying to consumers that the origin is from Plaintiff.

- COPYRIGHT: Plaintiff owns non-U.S. and U.S. Copyright Registrations for "THE LOST BOOK OF HERBAL REMEDIES" inter alia,

the book, text, artwork, videos and website as in TX0009021932, and VA0002369247 (Exhibit A, image of cover and U.S. Copyright Office and United States Patent and Trademark Office record abstract, printouts).

14. The foregoing, "THE LOST BOOK OF HERBAL REMEDIES," comprises: a book cover having a background that is a deep, forest green hue, overlaid with a repeating diagonal lattice formed by fine gold lines. Within each diamond-shaped cell of the grid, there appears a detailed, stylized botanical illustration—each rendered in gold ink—depicting a unique plant, flower, leaf, or mushroom form. Centrally positioned on the cover is an elongated, vertically-oriented oval frame outlined in gold. Enclosed within this oval, the title in serif, also in gold, The Lost Book Of Herbal Remedies, The Healing Power of Plant Medicine. Beneath, there is a centered botanical illustration—a monochromatic gold drawing of a small plant stem with five serrated leaves. Following the visual, are authors' names displayed as: Nicole Apelian, Ph.D & Claude Davis (Exhibit A).

The Lost Book Of Herbal Remedies

The Healing Power of Plant Medicine

Nicole Apelian, Ph.D & Claude Davis

15. THE LOST BOOK OF HERBAL REMEDIES has been extensively marketed, distributed, and sold in the United States since at least as early as 2019, generating substantial consumer recognition and goodwill. As a result of this continuous use and promotion, Plaintiff has established enforceable rights in the content, title, design, and associated trade dress.

16. On or about April 30, 2025, Plaintiff discovered unauthorized version(s) of its “THE LOST BOOK OF HERBAL REMEDIES” published, advertised for sale, and being sold for profit on the Offending Website (the “Offending Use”). The following is a representative image of the Offending Use:




17. The Offending Use is an exact copy of Plaintiff's book, its copyrights, trademark and distinctive tradedress, creating a false impression of affiliation, origin and connection with the Plaintiff and its goodwill. The advertising, posting, and sale related to Offending Use is not authorized and a violation of Global Brother intellectual property rights.

18. To safeguard its intellectual property rights, mitigate damages and consumer confusion, on or about April 30, 2025, Plaintiff filed a Digital Millennium Copyright Act (DMCA) Takedown notice with SHOPIFY. Following Plaintiffs complaint, the Offending Use was suspended.

19. On or about April 30, 2025, having waited no time to investigate the claim, Defendant, Unoma OKORAFOR filed a Counter-Notice, claiming the

Takedown was made in error and asserting a "good faith belief" that the Offending Use was lawful. Under SHOPIFY's policy subject to the DMCA, the Offending Use may be reinstated within 14 business days from filing the Counter-Notice, unless Plaintiff files a federal lawsuit (Exhibit B, Counter-Notice, SHOPIFY email).

20. Between the period of May 2 – May 13, 2025, Plaintiff sent correspondence to Defendants confirming Plaintiff's ownership rights, responding to Defendants emails, and requested information to seek resolution and avoid litigation, however the dispute cannot be resolved outside of litigation.

21. Plaintiff hereby seeks assistance to enforce its statutory rights, prevent ongoing and future harm, and receive associated damages. Defendants wrongful acts, including associated infringement and advertising, have caused irreparable harm to Plaintiff, its goodwill, and financial interests. Plaintiff has suffered and will continue to suffer damages unless Defendants are enjoined.

## CLAIMS FOR RELIEF

### COUNT I
### COPYRIGHT INFRINGEMENT
### [17 US CODE § 501]

22. Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-21 as though fully set forth herein.

23. Plaintiff is the lawful owner of valid and enforceable U.S. Copyright Registrations for the book, "THE LOST BOOK OF HERBAL REMEDIES,"

including its contents and cover artwork, which confer exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, distribute, display, and create derivative works based on the copyrighted material.

24. Defendants, without authorization or consent, willfully and unlawfully reproduced, distributed, and displayed counterfeits and/or unauthorized copies of Plaintiff's copyrighted materials in violation of 17 U.S.C. § 501 continuously from the time beginning from at least as early as before February 2025, to present. Acts of infringement occurred after the Plaintiff received its copyright registration(s).

25. Defendants actions constitute willful infringement as defined under the Copyright Act, entitling Plaintiff to enhanced statutory damages under 17 U.S.C. § 504(c). Under 17 U.S.C. § 505, Plaintiff seeks recovery of its attorneys' fees, costs, and expenses incurred in this action because of Defendants infringing activities.

26. As a direct and proximate result of the Defendants infringing acts, the Plaintiff suffered and will continue to suffer irreparable harm and economic damages for which there is no adequate remedy at law. Unless enjoined and restrained by this Court, the foregoing infringing acts will continue to cause irreparable injury to Plaintiff.

27. Pursuant to 17 U.S.C. §§502 and 503, Plaintiff is entitled to injunctive relief prohibiting further importing, advertising, using, making, or

infringing the protections under Global Brother U.S. Copyright Registrations, and ordering all unauthorized copies that shall exist, to be destroyed or forfeited.

**COUNT II**
**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**
**[15 U.S.C. § 1125(a)]**

28. Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-21 as though fully set forth herein.

29. Plaintiff owns enforceable common law trademarks and trade dress rights in and to the non-functional, unique designs of its books, covers and titles (the trade dress and title marks collectively referred to as "Plaintiff's Trademarks").

30. The Plaintiff's Trademarks have been in continuous use in U.S. interstate commerce by Plaintiff prior to any date which can be legally claimed by the Defendants.

31. Plaintiff's Trademarks are inherently distinctive and/or have acquired distinctiveness and secondary meaning based on substantial promotion, sales, marketing, and use in U.S. commerce. Consumers associate the unique titles, unique pattern-design of the books as originating exclusively from Plaintiff.

32. Defendants unauthorized use of Plaintiff's trade dress, titles, and overall designs constitutes false misleading representations of fact that is likely to cause confusion or mistake, or to deceive the public as to the origin, sponsorship,

or approval, false description, and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

33. As a direct and proximate result of the foregoing acts, Plaintiff has suffered injury, including irreparable injury, and damages, including lost profits, royalties, and other damages in an amount to be determined at trial, and continues to suffer irreparable harm, loss of goodwill, and monetary damages as a direct result of Defendants unfair competition.

34. Plaintiff seeks damages, including Defendants profits, actual damages, and costs, pursuant to 15 U.S.C. § 1117(a), as well as injunctive relief to prevent further acts of unfair competition. And because Defendants acts were willful, this is an exceptional case making the Plaintiff eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**COUNT III**
**MISREPRESENTATION, COUNTER-NOTICE**
**[17 U.S.C. § 512(F)]**

35. Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-21 as though fully set forth herein.

36. Defendants knowingly and materially misrepresented their rights to distribute and display the books in the Counter-Notice.

37. Defendants assertions in the Counter-Notice constitute a violation of 17 U.S.C. § 512(f), as they acted with actual knowledge of the falsity of their claims or reckless disregard for the truth.

38. As a result of Defendants misrepresentations, Plaintiff suffered and will continue to suffer damage, including but not limited to costs and attorneys' fees incurred in addressing Defendants unlawful conduct including but not limited to having to file this complaint.

**COUNT IV**
**UNJUST ENRICHMENT (TEXAS LAW)**

39. Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-21 as though fully set forth herein.

40. Defendants have unlawfully benefitted from the unauthorized use of Plaintiff's intellectual property, deriving substantial revenue and goodwill at Plaintiff's expense.

41. Defendants used Plaintiff's distinctive book title(s), trade dress, and associated goodwill to market and sell unauthorized, counterfeit copies, and/or knock-offs of Plaintiff's "THE LOST BOOK OF HERBAL REMEDIES."

42. Defendants willfully, knowingly, and with wanton disregard replicated Plaintiff's unique books design, including the layout, patterns, and color scheme of Plaintiff, to deceive consumers into purchasing the Defendants book instead, under the impression that it a genuine "THE LOST BOOK OF HERBAL REMEDIES" book.

43. By capitalizing on Plaintiff's intellectual property and goodwill, Defendants unjustly obtained significant financial benefits, including but not limited to: Revenue generated from the sale of counterfeit books; Cost savings by

avoiding investment in original design, marketing, and branding efforts; and Consumer trust and market recognition built upon Plaintiff's established reputation.

44. Plaintiff never authorized Defendants to use its intellectual property or to benefit from its reputation and goodwill. Defendants unauthorized use constitutes unlawful conduct that has harmed Plaintiff financially and reputationally.

45. Defendants knew or should have known that its actions were unauthorized, unlawful, and performed directly at Plaintiff's expense. Defendants acted willfully and deliberately to exploit Plaintiff's intellectual property for financial gain, with full knowledge that it had no right to do so.

46. As a direct and proximate result of Defendants conduct, Plaintiff has suffered significant harm, including Loss of revenue and market share due to diverted sales; Reputational harm caused by consumer confusion and association with counterfeit goods; and Diminished goodwill in the marketplace. Equity and good conscience require that Defendants disgorge all profits and other financial benefits unjustly obtained through their wrongful conduct.

47. Plaintiff is entitled to restitution of all ill-gotten gains and any other equitable relief deemed just by this Court. Equity demands that Defendants should not be permitted to retain the benefits unjustly obtained through their wrongful conduct. Plaintiff is entitled to restitution of all ill-gotten gains and

profits, as well as any other equitable relief this Court deems just and proper to prevent Defendants from further unjust enrichment at Plaintiff's expense.

**COUNT V**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS (TEXAS LAW)**

48. Plaintiff realleges and incorporates by reference allegations of ¶¶ 1-21 as though fully set forth herein.

49. Plaintiff has established and ongoing business relationships with its customers, distributors, and online retailers, where Plaintiff's book(s) "THE LOST BOOK OF HERBAL REMEDIES" are sold. These relationships are built on trust, reputation, and consistent delivery of authentic, high-quality products.

50. Defendant, with knowledge of these relationships, intentionally and unjustifiably interfered by introducing counterfeit goods into the market, diverting sales and eroding consumer trust in Plaintiff's authentic product.

51. Defendants were aware, or should have been aware, of Plaintiff's business relationships and the goodwill associated with its intellectual property. This knowledge is evidenced by Defendants deliberate replication of Plaintiff's title, trade dress, and book design, with intentional changes to avoid detection and target, and exploit Plaintiff's customer base and online retail channels.

52. Defendants intentionally and unjustifiably interfered with Plaintiff's business relationships by engaging in the following actions: Advertising and selling counterfeit versions of Plaintiff's books, thereby diverting sales from

Plaintiff's legitimate product; Creating consumer confusion by mimicking Plaintiff's trade dress and title, leading customers to believe they were purchasing Plaintiff's authentic product; Filing a Counter-Notice with SHOPIFY to reinstate their infringing listing, undermining Plaintiff's ability to protect its intellectual property rights and maintain its business relationships.

53. Defendants' conduct was not privileged, justified, or excused. Their actions were willful and malicious, intended to profit at Plaintiff's expense by exploiting Plaintiff's established reputation and business relationships.

54. As a direct and proximate result of Defendants tortious interference, Plaintiff has suffered significant harm, including but not limited to: Loss of sales and revenue due to diverted business opportunities; Damage to its reputation and goodwill, as consumers mistakenly associate the counterfeit goods with Plaintiff's brand; Impairment of its business relationships with customers and online platforms such as SHOPIFY, which rely on Plaintiff's ability to deliver authentic and trusted products.

55. Plaintiff seeks actual and compensatory damages for the financial and reputational harm caused by Defendants interference. Plaintiff further seeks punitive damages to deter Defendants and others from engaging in similar wrongful conduct, as well as any other equitable relief this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendants as follows:

- Preliminary and permanent injunctive relief prohibiting Defendants from further infringing, unfair competition, and deceptive practices;
- Statutory damages under the Lanham Act and Copyright Act.
- Actual damages, including lost profits and compensation for reputational harm.
- Treble damages for willful violations of the Lanham Act under 15 U.S.C. § 1117.
- Disgorgement of Defendants profits from infringing activities.
- Attorneys' fees, costs, and expenses under 15 U.S.C. § 1117 and Texas law.
- An order requiring the destruction or forfeiture of all infringing materials in Defendants' possession.
- Restitution for unjust enrichment under Texas law.
- Any additional relief the Court deems just and equitable.

Dated: May 19, 2025

Respectfully submitted,

**TOBY B. FULLMER, L.L.C.**

By: */s/ Toby B. Fullmer*
Toby B. Fullmer
TBA #24043667
toby@fullmerlegal.com
P.O. Box 22355
Houston, Texas 77227
713/355-4357 Office
713/961-0384 Facsimile

**Counsel for Plaintiff,**
**GLOBAL BROTHER SRL.**